Huang v. Holder

BIA
Nelson, IJ
A095 473 972
A095 473 973
A905 473 974

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of April, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

_____

JIAN YI HUANG, JIN YAN YE, a.k.a.
YI GIN YONG, a.k.a. JIN YING, ELIS
HUANG, a.k.a. ELIS WONG,
> *Petitioners,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondents.*

09-0526-ag
NAC

_____

FOR PETITIONERS:     Henry Zhang, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Francis W. Fraser, Senior
                     Litigation Counsel; Susan Houser,

**Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, in part, and GRANTED, in part.

Petitioners Jian Yi Huang and Jin Yan Ye, husband and wife and natives and citizens of China, and Petitioner Elis Huang, their minor child and a native and citizen of Italy, seek review of a December 11, 2008, order of the BIA affirming the August 4, 2006, decision of Immigration Judge ("IJ") Barbara A. Nelson denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Yi Huang, Jin Yan Ye, Elis Huang*, Nos. A095 473 972, A095 473 973, A095 473 974 (B.I.A. Dec. 11, 2008), *aff'g* Nos. A095 473 972, A095 473 973, A095 473 974 (Immig. Ct. N.Y. City Aug. 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's decision and the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The

applicable standards of review are well-established.  *See*
8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d
510, 513 (2d Cir. 2009).

## I.  Forced Sterilization

Petitioners' argument that the BIA erred in finding
that Petitioners Jian Yi Huang and Jin Yan Ye failed to
establish a well-founded fear of future persecution based on
the births of her three children in violation of China's
family planning policy is foreclosed by this Court's
decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir.
2008).  Although Petitioners are from Zhejiang Province and
the petitioners in *Jian Hui Shao* are from Fujian Province,
before the agency, as in their counseled brief to this
Court, Petitioners relied on country conditions evidence
either considered in *Jian Hui Shao* or related to Fujian
Province.  *See Jian Hui Shao*, 546 F.3d at 158-68.

Petitioners argue that the BIA erred by failing to make
an explicit credibility finding before discounting testimony
and documentary evidence.  However, the BIA did not discount
any of Petitioners' evidence or testimony in affirming the
IJ's alternative finding that they failed to meet their
burden of proof.  Moreover, contrary to Petitioners'
assertion that the BIA held them to an "exceedingly high"

burden of proof, there is no indication that the BIA required them to demonstrate anything other than a well-founded fear of persecution.  *See Jian Hui Shao*, 546 F.3d at 156 & n.15.

Petitioners further argue that the agency failed to give sufficient evidentiary weight to a letter from Jian Yi Huang's aunt, who was sterilized after giving birth to two children in China.  Contrary to Petitioners' assertion, the agency did not err in finding that the letter was not *material* because it did not detail the forced sterilizations of a similarly situated individual—namely, a Chinese national who gave birth to children abroad. *See Jian Hui Shao*, 546 F.3d at 160-61, 170-71.

Finally, the record would not compel a reasonable fact-finder to conclude that Petitioners established a reasonable possibility that they would face the imposition of penalties amounting to economic persecution upon their return to China.  *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-75 (BIA 2007); *see also Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002); *Jian Hui Shao*, 546 F.3d at 161-62, 164 n.25.  Accordingly, the petition is denied, in part, to the extent it challenges the agency's determination

4

that petitioners failed to demonstrate a well-founded fear of persecution based on their violation of China's family planning policy.

## II.  Forcible IUD Insertion

However, the agency's determination that Petitioner Ye did not establish that she suffered past persecution based on the alleged forced insertion of an intrauterine device ("IUD"), is remanded in light of our decision in *Mei Fun Wong v. Holder*, 633 F.3d 64 (2d Cir 2011).

To establish past persecution based on the forcible insertion of an IUD, an asylum applicant must establish that: (1) the IUD was inserted because of her resistance to a family planning policy, or another protected ground, rather than as a routine part of the population control program; and (2) there were "aggravating circumstances." *Xia Fan Huang v. Holder*, 591 F.3d 124, 128-30 (2d Cir. 2010) (according *Chevron* deference to the BIA's decision in *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633 (BIA 2008)).

In *Mei Fun Wong*, we remanded for the agency to articulate standards for determining whether an asylum applicant has established aggravating circumstances and to clarify how it determines whether the applicant was

5

subjected to the forcible insertion of an IUD on account of their resistance to China's family planning policy, or other protected grounds. *Mei Fun Wong*, 633 F.3d at 71-81.

For the reasons discussed in *Mei Fun Wong*, we cannot evaluate the BIA's determination that Ye did not establish that she suffered past persecution when she was subjected to the involuntary insertion of an IUD. *See id.* Ye asserted that she was "persecuted on account of the coercive family p[l]anning policy" because she "was forced to wear an IUD" which "caused cramps and bleeding and irregular menstrual cycles." In support of her claim, she testified that the Chinese government had "used force to drag [her] for IUD insertion," and that the Chinese government had refused to remove the IUD after she reported the cramps and bleeding.

Moreover, the BIA has yet to clarify whether it "categorically concludes that nexus cannot be established by evidence that a person who resisted a population control policy was compelled to submit to a practice, such as IUD insertion, routinely performed in furtherance of that policy." *Id.* at 79. And it has not yet addressed whether "aggravating circumstances designed to compel submission . . . [can] demonstrate the requisite nexus between that

6

persecution and an applicant's opposition to the state's population control policy." *Id.* at 80. Thus, we remand this case to the BIA for further proceedings in light of *Mei Fun Wong*.

For the foregoing reasons, the petition for review is DENIED, in part, and GRANTED, in part, the order of removal is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this decision. Petitioner's motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7